**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:16-cv-297-FDW**

| | |
|---|---|
| WALTER COLUMBUS SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | )      **ORDER** |
| | ) |
| FNU SLAGLE, Supervisor, | ) |
| NORTH CAROLINA DEPARTMENT | ) |
| OF PUBLIC SAFETY, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed

under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma

Pauperis, (Doc. No. 2). See 28 U.S.C. §§ 1915(e); 1915A.

## I.      BACKGROUND

Pro se Plaintiff Walter Columbus Simmons is a state inmate currently incarcerated at

Mountain View Correctional Institution in Spruce Pine, North Carolina. Plaintiff filed this

action on September 1, 2016, pursuant to 42 U.S.C. § 1983, naming as Defendants (1) FNU

Slagle, identified as a supervisor at Mountain View, and (2) the North Carolina Department of

Public Safety. Although he does not clearly articulate the claim he is bringing, it appears that

Plaintiff is alleging that his Eighth Amendment rights are being violated because he is required

to share a 105-square-foot cell with another inmate. Specifically, Plaintiff alleges the following

in his Complaint:

> On June 28, 2016 I enter at Mountain View prison. I was put in a three floor
> dormitory all two floor holds two inmate per cell the size of the rooms are 7 ½

1

> feet wide and 14 feet long for two inmate the third floor only have one inmate per
> room. 120 inmate per dormitory. This is two many inmate in one dormitory and
> cell rooms. The North Carolina Department of Public Safety are over crowdet
> with inmate at Mountain View prison. I do not have much room to do anything
> for myself. We are to closely together each dormitory have to many inmate. This
> is a violated of my constitutional rights, by law every inmate got to have so many
> feet per self in any prison and rooms.

(Doc. No. 1 at 3) (grammatical and spelling errors in original). For relief, Plaintiff states that he

"would like the courts to do a investigation on the situation. And I would like the courts to have

them to compensation me for pain and suffering." (<u>Id.</u> at 4).

## II.    STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his

administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA

provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

other correctional facility until such administrative remedies as are available are exhausted." <u>Id</u>.

In <u>Porter v. Nussle</u>, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion

requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in

cases covered by § 1997e(a) is now mandatory." <u>Id.</u> at 524 (citation omitted). The <u>Porter</u> Court

stressed that under the PLRA, exhaustion must take place before the commencement of the civil

action in order to further the efficient administration of justice. <u>Id.</u>

In <u>Woodford v. Ngo</u>, 548 U.S. 81 (2006), the Supreme Court held that the PLRA

exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper

exhaustion of administrative remedies, which 'means using all steps that the agency holds out,

and doing so <u>properly</u> (so that the agency addresses the issues on the merits).'" <u>Id.</u> at 90 (quoting

<u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1024 (7th Cir. 2002)). In <u>Jones v. Bock</u>, 549 U.S. 199

(2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

## III.    DISCUSSION

Here, by Plaintiff's own assertions, Plaintiff did not exhaust his administrative remedies before bringing this lawsuit. In North Carolina, state prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. GEN. STAT. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). In the section of the Complaint regarding exhaustion of administrative remedies, Plaintiff concedes that he did not exhaust his administrative remedies because he has not yet exhausted his grievance through all three steps. Plaintiff asserted in the Complaint that he filed his initial grievance on August 29, 2016, but that he has not yet appealed "any adverse decision to the highest level possible in the

administrative procedure" because he has "got to go thru steps." (Doc. No. 1 at 2). The law is settled that a plaintiff must exhaust administrative remedies before filing a claim, and a prisoner is not entitled to exhaust administrative remedies during the pendency of an action. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Thus, by his own assertions, Plaintiff did not exhaust his administrative remedies before filing this action, and this action must therefore be dismissed without prejudice.[1]

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Eighth Amendment claim is dismissed without prejudice for failure to exhaust his administrative remedies.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

---

[1] Because Plaintiff has admitted that he did not exhaust his administrative remedies before filing this action, the Court does not have jurisdiction to address the merits of his claim. The Court does observe, however, that in their current state Plaintiff's allegations do not state a cognizable claim for an Eighth Amendment violation. That is, housing two inmates in a 105-quare-foot cell (7 ½ feet wide and 14 feet long, according to Plaintiff's allegations), does not, standing alone, constitute an extreme deprivation denying the minimal civilized measure of life's necessities. See Rhodes v. Chapman, 452 U.S. 337 (1981) (housing two prisoners to a cell did not constitute cruel and unusual punishment under the Eighth Amendment); Hite v. Leeke, 546 F.2d 670 (4th Cir. 1977) (holding that the assignment of inmates to double occupancy of cells that were 65 square feet did not amount to cruel and unusual punishment under the Eighth Amendment) Brzowski v. Ill. Dep't of Corrs., No. 15-cv-173-SMY, 2015 WL 1228916, at *2 (S.D. Ill. Mar. 16, 2015) (collecting cases and stating that "[d]ouble celling alone does not violate the Constitution"). Furthermore, Defendant FNU Slagle cannot be held liable merely based on his supervisory position at Mountain View. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply). Additionally, by suing the North Carolina Department of Public Safety, Plaintiff has effectively sued the State of North Carolina. However, neither the State nor it agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Moreover, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).

4

2. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this Court's initial review.

3. The Clerk is directed to terminate this action.

Frank D. Whitney
Chief United States District Judge